IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

FILED
JAN 18 2011
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

MICHAEL A. STEINKER )
*Plaintiff,* )
)
v. ) Cause No.
)
ENOVAPREMIER, LLC ) 3:11-cv-010 RLY-WGH
*Defendant.* )

## COMPLAINT

NOW COMES the Plaintiff, Michael A. Steinker, by and through his attorneys of the law firm Rhine Ernest LLP, and files his Complaint against Defendant, EnovaPremier, LLC, and in support thereof states as follows:

### Parties

1. Plaintiff, Michael A. Steinker (hereinafter referred to simply as "Plaintiff" or "Steinker"), is a resident of Mount Carmel, Wabash County, Illinois.

2. Defendant, EnovaPremier, LLC (hereinafter referred to simply as "Defendant"), is a Kentucky Corporation that regularly transacts business in Indiana.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 for this case involves a question of original jurisdiction under the provisions of the Americans with Disabilities Act (42 U.S.C. § 12101) and the Family Medical Leave Act (29 U.S.C. § 2601).

4. The acts complained of occurred in this district and thus venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

### Facts Common to All Counts

5. Defendant provides manufacturing support service in the area of tire and wheel assembly in the automobile industry.

6. Plaintiff was hired as a production manager by Defendant on August 15, 2005 at Defendant's Princeton, Indiana location.

7. During his employment with Defendant, Plaintiff was on more than one occasion given a "Team Member Handbook" which consisted of policies, guidelines, and work practices that effected Plaintiff's employment with Defendant.

8. The latest version of the handbook was revised on May 12, 2009 and subsequently given to Plaintiff.

9. Said handbook, in part, set forth benefits offered by Defendant to employees.

10. One said benefit was leave under the Family and Medical Leave Act (hereinafter referred to simply as "FMLA"), for members who qualify.

11. Another said benefit, was a medical leave of absence for all regular (3 month evaluation period completed) EnovaPremier team members.

12. Up until September of 2009, Defendant's Princeton location employed less than fifty (50) employees and no other Defendant owned site existed within seventy-five (75) miles of that site. Therefore, up until September of 2009, Plaintiff was not an FMLA eligible employee.

13. On or about July 24, 2009, Plaintiff was diagnosed by his physician with urinary stone disease.

14. On or about August 3, 2009, Plaintiff underwent surgery to improve his condition.

15. Complications during and following the surgery resulted in Plaintiff suffering saddle embolus and hypoxia, as well as wound separation of his abdomen with abdominal neuropathy, and an aggravation of ongoing problems associated with an inoperable hernia.

16. As a result of these complications, Plaintiff was initially admitted to intensive care and then placed off work by his physician and entered into a course of physical therapy and pain management.

17. On September 28, 2009, Defendant requested Plaintiff submit paperwork to take leave under the FMLA.

18. On or about September 30, 2009, Defendant submitted his FMLA paperwork to Defendant.

19. According to Defendant, Plaintiff's FMLA leave was approved beginning on September 21, 2009.

20. On November 16, 2009, Defendant's Human Resources Director, Cate Darmstadt, informed Steinker that to continue his employment with the Defendant he was required to be back to work on December 14, 2009 with no restrictions.

21. On November 24, 2009, as his FMLA end date approached, Plaintiff inquired with Ms. Darmstadt about his ability to take a medical leave of absence, as provided in the Team Member Handbook.

22. On November 30, 2009, in response to the above request, Ms. Darmstandt informed Plaintiff that because Plaintiff's work site had recently become FMLA eligible, the medical leave of absence provided in the handbook (which is a more generous medical leave policy than FMLA) was no longer available to employees at that site and that further if Plaintiff was not released to work prior to December 14, 2009, without restrictions, his employment with Defendant would be terminated.

23. On December 8, 2009, the Princeton, Indiana plant manager, Kevin O'Dell, contacted Plaintiff and advised him that there was no other medical leave available to Plaintiff.

24. On December 9, 2009, Plaintiff was released to work with a ten (10) pound lifting restriction.

25. That same day, Plaintiff forwarded the work release note to Defendant and asked if he could return to work.

26. The following day, Ms. Darmstadt informed Plaintiff that he was still not allowed to return to work because of the ten (10) pound lifting restriction and reiterated her belief that there was no other leave of absence for Plaintiff to apply for.

27. On December 10, 2009, Plaintiff contacted Mr. O'Dell, and requested a copy of his employee handbook as well as paperwork to request a medical leave under the company's policies.

28. Mr. O'Dell informed Steinker that he could contact the plant office to arrange pickup of the items because Mr. O'Dell was gone from the plant.

29. On said date, Plaintiff telephoned the plant office, spoke to Defendant's employee, Kim, and arranged to pick up the handbook and paperwork.

30. Approximately sixty (60) minutes later, Plaintiff was telephoned by Kim and advised that he was not allowed to enter plant property because of the medication he was taking.

31. Upon information and belief, said medication referred to by the Defendant is the anti-depressant medication, Citalopram, which Plaintiff was prescribed for treatment of depression.

32. Upon information and belief, Defendant learned that Plaintiff was being treated for depression by reviewing medical records submitted to Defendant in conjunction with Plaintiff's leave under the Family Medical Leave Act.

33. That said depression was not the condition that required Plaintiff to be on leave and thus was immaterial to and irrelevant to the issue of whether Plaintiff could return to work.

34. During said telephone call with Kim, Plaintiff requested that the materials be placed outside the plant building on a picnic table, but was informed that this could not be done either.

35. The following day, Plaintiff again contacted Mr. O'Dell about his inability to obtain the paperwork he requested and was told by Mr. O'Dell that Plaintiff could not come onto plant property because Plaintiff was on medical leave.

36. On December 14, 2009, Plaintiff submitted a written request for medical leave to Defendant.

37. On or about December 15, 2009 Plaintiff's request for medical leave was denied and his employment with the Defendant was terminated.

38. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit A.

39. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission was received on October 22, 2010, a copy of which is attached as Exhibit B.

### Count I

(Violation of the ADA)

40. Plaintiff hereby incorporates paragraphs 1-40 as if fully set forth herein.

41. Plaintiff was, at all times relevant hereto, disabled as defined by the Americans with Disabilities Act, for the following reasons:

    A. Plaintiff suffered from a physical disability that substantially limited Plaintiff's major life activities; and

  B. Defendant mistakenly believed that Plaintiff's depression and the treatment thereof, which was not actually limiting, substantially limited Plaintiff's major life activities.

42. Defendant regarded Plaintiff to be significantly limited so as to be precluded from a substantial class of jobs.

43. Plaintiff was qualified for his position with Defendant for he could perform the essential tasks of his position with reasonable accommodation.

44. In violation of the Americans with Disabilities Act (42 U.S.C. § 12112), Plaintiff was terminated from his employment with Defendant because Defendant was disabled and/or because Defendant perceived Plaintiff to be disabled.

WHEREFORE Plaintiff, Michael A. Steinker, respectfully requests that an Order be entered in his favor and against Defendant, awarding the following relief:

  A. All relief necessary to make Plaintiff whole, including, but not limited to back pay and interest on the back pay;

  B. Punitive damages;

  C. Appropriate equitable relief;

  D. Litigation costs and reasonable attorneys' fees; and

  E. For all other just and proper relief.

## Count II

(FMLA Claim)

45. Plaintiff hereby incorporates paragraphs 1-44 as if fully set forth herein.

46. Plaintiff took leave under the Family Medical Leave Act, and thus was engaged in a statutorily protected activity.

47. Despite Plaintiff's request to return to work prior to his FMLA leave

expiring, Defendant refused and then terminated his employment.

48. Plaintiff's FMLA rights were the reason he was terminated from Defendant's employ.

WHEREFORE Plaintiff, Michael A. Steinker, respectfully requests that an Order be entered in his favor and against Defendant, awarding the following relief:

    A. Back pay and interest on the back pay or other monetary loss sustained by Plaintiff as result of violation (29 U.S.C. § 2617(a)(1)(A)(i) and (ii);

    B. Liquidated damages as set forth in 29 U.S.C. § 2617(a)(1)(A)(iii);

    C. Appropriate equitable relief (29 U.S.C. § 2617(a)(1)(B);

    D. Litigation costs and reasonable attorneys' fees (29 U.S.C. § 2617(a)(3)); and

    E. All other relief just and proper.

### Count III
(FMLA Failure to Restore Claim)

49. Plaintiff fully incorporates paragraphs 1-48 as if fully set forth herein.

50. Plaintiff took leave under the Family Medical Leave Act.

51. As such, Plaintiff was entitled, at the end of the twelve (12) week leave, to be reinstated to his job position.

52. Despite Plaintiff's request to come back to work, Defendant refused to restore Plaintiff's employment and then terminated his employment.

WHEREFORE Plaintiff, Michael A. Steinker, respectfully requests that an Order be entered in his favor and against Defendant, awarding the following relief:

    A. Back pay and interest on the back pay or other monetary loss sustained by Plaintiff as result of violation (29 U.S.C. § 2617(a)(1)(A)(i) and (ii);

    B. Liquidated damages as set forth in 29 U.S.C. § 2617(a)(1)(A)(iii);

  C.  Appropriate equitable relief (29 U.S.C. § 2617(a)(1)(B);

  D.  Litigation costs and reasonable attorneys' fees (29 U.S.C. § 2617(a)(3)); and

  E.  For all other relief just and proper.

**JURY DEMAND: PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY FOR ALL CLAIMS SO TRIABLE.**

        Respectfully submitted,

        **RHINE ERNEST LLP**

By: _____
        Chad J. Sullivan (#21915-82)
        Kevin M. Halter (#27135-82)
        RHINE ERNEST LLP
        Old National Place
        One Main Street, Suite 600
        Evansville, Indiana 47708
        Telephone: (812) 759-0600
        Facsimile: (812) 759-0601
        E-mail: csullivan@rhine-ernest.com
        E-mail: khalter@rhine-ernest.com
        *Attorney for Plaintiff Michael A. Steinker*